Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 N 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 328-0262
Fax: (602) 926-1479
*srandall@randallslaw.com*

Michael A. Josephson (*pro hac vice* pending)
Carl A. Fitz (*pro hac vice* pending)
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Telephone: 713-352-1100
Fax: 713-352-3300
*cfitz@mybackwages.com*

Richard J. (Rex) Burch (*pro hac vice* pending)
rburch@brucknerburch.com
**Bruckner Burch PLLC**
8 Greenway Plaza, Ste. 1500
Houston, TX 77046
phone 713 877 8788
fax    713 877 8065

*Lead Attorneys In Charge for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Coffey, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AB Staffing Solutions, LLC, an Arizona Limited Liability Company,<br><br>Defendant. | No.<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Failure to Pay Overtime Compensation (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**<br><br>**(Jury Trial Demanded)** |

Plaintiff Robert Coffey ("Coffey" or "Plaintiff"), on behalf of himself and on behalf of all other similarly situated, alleges as follows:

## I. INTRODUCTION

1. Plaintiff Coffey brings this lawsuit to recover unpaid overtime wages and other damages from AB Staffing Solutions, LLC ("AB Staffing") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff Coffey worked for AB Staffing as a Recruiter during the relevant time period.

3. Plaintiff and the other workers like him regularly worked for AB Staffing in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, AB Staffing improperly classified Plaintiff and those similarly situated workers as exempt employees and paid them a salary with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. Coffey worked for AB Staffing in Maricopa County, Arizona.

10. AB Staffing conducts substantial business operations in this District, including maintaining a corporate office in Gilbert, Arizona.

## III. PARTIES AND PERSONAL JURISDICTION

11. Coffey worked for AB Staffing as a Recruiter from approximately January 2019 to April 2020.

12. Coffey worked for AB Staffing in Maricopa County, Arizona.

13. Throughout his employment with AB Staffing, Coffey was classified as an exempt employee and paid a salary with no overtime compensation.

14. Coffey's consent to be a party Plaintiff is attached as <u>Exhibit A</u>.

15. Throughout his employment with AB Staffing, Coffey was classified as an exempt employee and paid a salary with no overtime compensation.

16. Plaintiff Coffey brings this action on behalf of himself and all other similarly situated workers who were classified as recruiters and paid a salary with no overtime compensation. AB Staffing paid each of these workers a salary for each day worked on location and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

17. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All recruiters employed by AB Staffing, LLC and paid a salary without overtime during the past three years.** ("Putative Class Members").

18. AB Staffing Solutions, LLC, is an Arizona limited liability company. AB Staffing may be served by serving its registered agent for service of process, Jill Hulsizer, 3451 S. Mercy Rd., Ste. 102, Gilbert, AZ 85297, or wherever it may be found.

### IV.   COVERAGE UNDER THE FLSA

19. At all times hereinafter mentioned, AB Staffing has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times hereinafter mentioned, AB Staffing has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all times hereinafter mentioned, AB Staffing has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or

employees handling, selling, or otherwise working on goods or materials – such as computers, cell phones, and office supplies - that have been moved in or produced for commerce by any person and in that AB Staffing have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

22. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### V. FACTUAL ALLEGATIONS

23. AB Staffing is an employment and staffing company operating throughout the United States and internationally, including in Arizona.

24. To provide services to its clients, AB Staffing employ recruiting personnel, including Recruiters.

25. Many of the individuals who worked for AB Staffing were paid a salary and misclassified as exempt employees, and these make up the proposed Putative Classes. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work. These so-called exempt employees were paid a salary for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

26. For example, Coffey worked for AB Staffing as a Recruiter during the relevant time period (in Arizona). Throughout his employment with AB Staffing, he was classified as an exempt employee and paid a salary with no overtime compensation.

27. As a Recruiter, Coffey regularly worked more than 40 hours each week without receiving overtime compensation. On average, Coffey estimates he worked approximately 50 hours each week.

28. As a Recruiter, Coffey (and all other recruiters) performed non-exempt job duties including calling potential employees for placement into companies that contracted with AB Staffing.

29. The job functions of Plaintiff and the Putative Class Members were primarily technical in nature, requiring little to no official training, much less a college education or other advanced degree.

30. Plaintiff and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

31. Plaintiff and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

32. The work Plaintiff performed was an essential and integral part of AB Staffing's core business.

33. No advanced degree is required to become a recruiter. In fact, AB Staffing regularly hired Recruiters who only have a high-school diploma (or less).

34. Being a recruiter does not require specialized academic training as a standard prerequisite.

35. For example, Coffey does not have any advanced degree.

36. Plaintiff and the Putative Class Members did not have any supervisory or management duties.

37. To the extent the recruiters make "decisions," such decisions do not require the exercise of independent discretion and judgment.

38. Instead, the Recruiters apply well-established techniques and procedures and use established standards to evaluate any issues.

39. Recruiters do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

40. Recruiters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

41. With these job duties, the Recruiters are clearly non-exempt employees under the FLSA.

42. AB Staffing does not pay its Recruiters overtime for hours worked in excess of 40 in a single workweek.

43. Instead, AB Staffing pays these workers a base salary for days worked in the office.

44. Plaintiff and the Recruiters worked for AB Staffing in the past three years throughout the United States, including in Arizona.

45. As a result of AB Staffing's pay policies, Plaintiff and the Putative Class Members were denied the overtime pay required by federal law, because these workers are, for all purposes, employees performing non-exempt job duties.

46. AB Staffing keeps accurate records of the hours, or at least the days, its recruiters work.

47. AB Staffing also keeps accurate records of the amount of pay its recruiters receive.

48. Because Coffey (and AB Staffing's other recruiters) was misclassified as exempt employees by AB Staffing, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## VI.  FLSA VIOLATIONS

49. As set forth herein, AB Staffing has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

50. AB Staffing knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Coffey and the Putative Class Members overtime compensation. AB Staffing's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

51. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices AB Staffing imposed on Coffey were likewise imposed on the Putative Class Members.

53. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

54. Numerous other individuals who worked with Plaintiff indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

55. Based on his experiences and tenure with AB Staffing, Coffey is aware that AB Staffing's illegal practices were imposed on the Putative Class Members.

56. The Putative Class Members were all improperly classified as exempt employees and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

57. AB Staffing's failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

58. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

59. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and AB Staffing will reap the unjust benefits of violating the FLSA.

60. Furthermore, even if some of the Putative Class Members could afford individual litigation against AB Staffing, it would be unduly burdensome to the judicial system.

61. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

62. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## VIII.   JURY DEMAND

63. Pursuant to his rights under the Constitution of the United States, U.S. Const. amend VII, and Fed. R. Civ. P. 38(a), Plaintiff hereby demands a trial by a jury of twelve.

## IX.   PRAYER FOR RELIEF

64. WHEREFORE, Plaintiff prays for judgment against AB Staffing as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding AB Staffing liable for unpaid back wages due Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the FLSA class;

   d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 9th day of July 2020.

**RANDALL LAW PLLC &
JOSEPHSON DUNLAP, LLP**

/s/ Samuel R. Randall
Samuel R. Randall
Michael A. Josephson
Carl A. Fitz
Richard J. (Rex) Burch

*Attorneys for Plaintiff*