**Samuel R. Randall (No. 024517)**
**RANDALL LAW PLLC**
4742 N 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 328-0262
Fax: (602) 926-1479
srandall@randallslaw.com

**Michael A. Josephson**
Texas Bar No. 24014780
(*admitted pro hac vice*)
**Carl A. Fitz**
Texas Bar No. 24105863
(*admitted pro hac vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
cfitz@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
(*pending pro hac vice*)
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Coffey, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AB Staffing Solutions, LLC, an Arizona Limited Liability Company,<br><br>Defendant. | Case No. CV-20-01352-PHX-JJT<br><br>JOINT MOTION FOR SETTLEMET APPROVAL |

1

Plaintiff Robert Coffey (Coffey), individually and on behalf of himself and those similarly situated, and Defendant AB Staffing Solutions LLC (AB Staffing) (together, the Parties) submit this Joint Motion for Settlement Approval and request that the Parties' settlement be approved, and Plaintiffs' claims against AB Staffing be dismissed with prejudice.

**1.   Introduction.**

Plaintiffs and AB Staffing (together, the "Parties") seek Court approval of the Settlement Agreement. Exhibit 1. The Parties' settlement covers all AB Staffing recruiters who were (1) allegedly paid a salary without overtime during all or part of the past three years, and (2) who filed a notice of consent to opt into this collective action. *See* Docs. 19-27 (Notices of Consent). If approved by this Court, the Settlement Collective Action Members will release their wage and hour claims against AB Staffing.

**2.   Background.**

On July 9, 2020, Coffey filed this collective action lawsuit against AB Staffing on behalf of himself and all AB Staffing recruiters who were paid a salary without overtime in the past 3 years. (Doc. 1). AB Staffing filed its Answer on August 7, 2020 (Doc. 10). AB Staffing asserted numerous affirmative defenses and denied all substantive allegations of the Complaint. Among other defenses, AB Staffing asserts that Plaintiffs are exempt from the overtime requirements of the Fair Labor Standards Act (FLSA), that their claims are barred by statute of limitations, and that they are not similarly situated for purposes of collective action treatment.

The Parties stipulated to certification of this matter. *See* Doc. 17 (Joint Stipulation for Certification and Notice. Notice was timely issued to all eligible class members. A total of twenty-six (26) people opted in. *See* Docs. 19-27 (Notices of Consent). As such, the total number of claimants, inclusive of Coffey, is twenty-seven (27).

During informal settlement negotiations, AB Staffing produced payroll records and timesheets for all of the opt-in Plaintiffs. Plaintiffs prepared disputed wage calculation models with extensive detail for each pay period worked by Coffey and the Opt-In Plaintiffs. The

2

Parties presented each other with their respective legal analysis on the various legal issues presented, including AB Staffing's statute of limitations defense.

The Parties have reached a resolution after the production of extensive information and data, had extensive, arm's length negotiations between experienced legal counsel who have expertise in FLSA collective action litigation. *See* Exhibit 2 at ¶¶ 3-10. Disputed issues of fact and law were presented and assessed, and the Parties have reached terms that are reasonable and fair. Coffey and AB Staffing respectfully request that this Honorable Court approve their Agreement, approve Class Counsel's requested Fee Award, and dismiss the Action with prejudice with all parties to bear their own respective costs, attorney's fees, and expenses.

### 3.  Settlement Terms.

The specific terms and conditions of settlement are reflected in the Settlement Agreement and Release (the "Agreement"). *See* Exhibit 1.

### 4.  The Settlement Represents a Reasonable Compromise of this Litigation.

The Parties seek this Honorable Court's approval of the Agreement, which represents a fair and reasonable compromise of a bona fide dispute concerning FLSA claims. Parties to FLSA litigation may seek court review and approval of FLSA collective actions under 29 U.S.C. §216. *Lopez v. Arizona Public Service Co.*, No. CV 08-1843-PHX-JAT, 2010 WL 1403873, at *1 (D. Ariz. Jan. 27, 2010) (quoting *Lynn's Food*, 679 F.2d at 1352–53).

#### A.  A Bona Fide Dispute Exists

It is undisputed that a bona fide dispute exists as to the FLSA claims asserted by Coffey and the Opt-In Plaintiffs. In particular, the Parties disputed whether Coffey and Opt-In Plaintiffs were exempt from the FLSA's overtime requirements and, therefore, whether they are entitled to any additional wages and overtime compensation. *See* Exhibit 2 at ¶¶ 14-16. Additionally, the Parties disputed the applicable statute of limitations period. Under a three (3) year statute of limitations period (under a finding of willfulness), all twenty-seven (27) Plaintiffs, including Coffey, would have timely filed claims. Whereas, under a two (2) year statute of limitations period (upon a finding of no willfulness), several Opt-In Plaintiffs' claims would be

3

barred. While the Parties cooperated professionally throughout this litigation and negotiation process, they vigorously advocated their respective positions.

### B. Fair and Reasonable Resolution

The Agreement reached by the parties clearly presents a fair and reasonable resolution. The Agreement was negotiated by attorneys who have been prosecuting and defending FLSA claims throughout their careers and the firms and attorneys involved have significant experience in handling FLSA collective action litigation. *See* Ex. 2 at ¶¶ 3-10. The issue is not whether the settlement could have been better in some fashion, but "whether it is fair, adequate and free from collusion." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Goudie v. Cable Commc'ns, Inc.*, No. CV 08–507–AC, 2009 WL 88336, *1 (D.Or. Jan. 12, 2009) ("In reviewing a private FLSA settlement, the court's obligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes."). Coffey and Opt-In Plaintiffs deem this settlement to be fair and reasonable after being fully informed of all terms and executing the Agreement.

Under the settlement, Coffey and Opt-in Plaintiffs will receive a *pro rata* share of the amount of overtime they would respectively receive if Plaintiffs prevailed in this matter. *See* Ex. 2 at ¶¶ 16-20. This supports settlement approval. *See Barrera v. US Airways Group Inc.*, No. CV-12-02278-PHX-BSB, 2014 WL 12639342, at *2 (D. Ariz. May 23, 2014); *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig.*, No. CV-09-1409-PHX-DGC, 2009 WL 3253947, at *2 (D. Ariz. Oct. 8, 2009.)

The scope of release of the opt-in Plaintiffs is limited to wage and hour claims, and does not release other potential claims against Defendant. *See* Ex. 1 at 2(m); 3(b). This likewise weighs in favor of approving the Parties' collective action settlement. *See Selk v. Pioneers Memorial Healthcare District*, 159 F.Supp.3d 1164, 1178 (S.D. Cal. 2016).

### C.  Reasonableness of Attorney's Fees

Plaintiffs' attorneys' fees are part of the bargained for settlement. The Parties agreed to set Class Counsel's fees at 40% of the Gross Settlement Amount inclusive of costs. *See* Exhibit 1 at 2(l). This is the agreement the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."). Supreme Court precedent not only permits, but also endorses settlement of attorney's fees in aggregate litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). Recent FLSA authority suggests that when they do under circumstances that exist here, that should end the matter. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("parties [are] entitled to settle the attorney fee issue, and no law g[ives a] district court authority to interfere with that unconditional right"). The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The Parties reached the agreed upon fee and to the extent approval is necessary, it should be given here.

The degree of success here is high because AB Staffing vigorously contested Plaintiffs' claims and denied that Plaintiffs were improperly paid, underpaid, or that any alleged damages are owed. Ex. 2 at ¶¶ 17-23. Yet, as the Settlement Agreement reflects, the Settlement Collective Action Members are receiving a portion of their alleged back wages as a result of the settlement. Other courts have approved similar fee awards in FLSA collective actions. *See McGlothlin v. ASI Capital Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 WL 857367, at *2 (D. Ariz. Mar. 8, 2021) (approving 40% contingency fee award in collective action settlement).

### D.  Reasonableness of Attorney's Fees

A district court may, in its discretion, award an incentive payment to a named plaintiff in settlement of an FLSA action as compensation for work done on behalf of the collective. *Selk*, 159 F. Supp. 3d at 1181. Coffey assisted with the initial investigation of Plaintiff's claims

5

and provided Plaintiff's counsel with hundreds of pages of documents reflecting Defendant's compensation practices and the number of hours worked by Plaintiff and putative class members. Coffey's information and documentation enabled Plaintiff's counsel to estimate the number of hours worked by the opt-in Plaintiffs, and enabled Plaintiff's counsel to participate in informed settlement discussions on behalf of Coffey and the opt-in Plaintiffs.

Moreover, the proposed incentive award is less than 3% of the full settlement amount. *See* Ex. 1 at 2(l). This is well within the range of incentive awards approved by Ninth Circuit district courts in other FLSA collective actions. *See Quintana v. HealthPlanOne LLC*, No. CV-18-02169-PHX-RM, 2019 WL 3342339, at *5 (D. Ariz. July 25, 2019) (approving incentive awards of $9,000.00 to named plaintiff and $3,000.00 to seven opt-in plaintiffs, totaling 4.47% of full settlement amount); *Selk*, 159 F. Supp. 3d at 1181 (approving incentive payment of 11% of the total settlement amount to a single named plaintiff).

### 5. Conclusion

The Parties submit that the Agreement represents a fair and reasonable resolution for a bona fide dispute under the FLSA. This resolution will eliminate risk to all parties and will avoid extensive and protracted litigation that could have lasted for years. The Parties respectfully request that this Honorable Court approve this settlement, including all terms as set forth in the Agreement, and that it dismiss the above-captioned lawsuit and all claims, with prejudice, with each party to bear their own respective court costs, attorney's fees, and expenses.

Dated this 7th day of July, 2021.


Respectfully submitted,

By: */s/ Carl A. Fitz*
**Michael A. Josephson**
Texas Bar No. 24014780
(*admitted pro hac vice*)

6

JOINT MOTION FOR SETTLEMENT APPROVAL
[CASE NO. CV-20-01352-PHX-JJT]

**Carl A. Fitz**
Texas Bar No. 24105863
(*admitted pro hac vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
cfitz@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
(*pending pro hac vice*)
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**Samuel R. Randall (No. 024517)**
**RANDALL LAW PLLC**
4742 N 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 328-0262
Fax: (602) 926-1479
srandall@randallslaw.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**


*/s/ Marc D. Freedman\**
*Signed with Permission

**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
**Laura Pasqualone** (State Bar No. 028360)
Direct Dial: 602.262.5362
Email: lpasqualone@lrrc.com

**Freedman & Friedland LLC**
777 Terrace Avenue, Suite 508
Hasbrouck Heights, NJ 07604
**Marc D. Freedman**
(admitted pro hac vice)
**Steve Friedland**
(admitted pro hac vice)

**Attorneys for Defendant**

7

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

By: */s/ Carl A. Fitz*
Carl A. Fitz